Root v. Topeka.

## H. C. Root v. The City of Topeka.

### No. 11,826.   (65 Pac. 233.)

#### SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS—*Liability for Attorney's Fees.* The fact that individual members of a city council may have suggested to or encouraged an attorney in the bringing of an action to which the city was not a party and in which it had no direct concern gives such attorney no authority to act for the city, and does not make it liable for the services performed by him in such action.

2. —————— *Unofficial Acts of Councilmen.* Nor does the fact that the city council thereafter instructed the city attorney to assist the attorney bringing the action and contributed money toward the expense of obtaining testimony in such case operate as a ratification of the unofficial action of the individual members of the council, nor render the city liable for the legal services of the attorney bringing the action.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 8, 1901. Division one. Affirmed.

*A. C. Markley*, and *H. C. Root*, for plaintiff in error.

*Charles F. Spencer*, city attorney, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action brought by H. C. Root to recover from the city of Topeka the sum of $2500, as compensation for legal services alleged to have been rendered for the city in the action of the State of Kansas, *ex rel., v.* The Topeka Water Company. The city contended that plaintiff was not employed by and performed no services for the city, and, therefore, that no liability could arise against the city for any professional services which the plaintiff

performed in that action.   It was an action in *quo warranto*, brought in the name of the state, upon the relation of the county attorney of Shawnee county, Kansas, against the water company, to forfeit its franchise of being a corporation, and judgment was ultimately given in favor of the state.   It appeared that plaintiff was not in fact employed by the city, but it is claimed on his behalf that services were performed with the knowledge of the city and for its benefit, and that there was such acquiescence in the employment as to operate as a ratification of the same, and render the city liable for the value of his services.   The district court held otherwise and sustained a demurrer to the evidence.

It appears that for a time the plaintiff Root and the water company were engaged in a legal combat over a piece of land, and, during that time, he obtained permission of the county attorney to bring the action in which the services in question were rendered. There is testimony that, before the bringing of the action, the plaintiff suggested the matter to two members of the city council, who expressed a desire that a suit be brought to forfeit the franchises of the company, and one of them stated that he would bring the matter to the attention of the city council and have it appropriate money for a deposit in court as security for the costs of the proceeding.   The pendency of the action was brought to the attention of the city council, and the city attorney was, on motion of a member, instructed to assist the plaintiff in the prosecution of the action.   Later, the city attorney prepared an amended petition in that action and actively assisted in carrying it on, and, upon his suggestion, allowances were made by the city council to defray the expenses of taking depositions, as well as other expenses

of the litigation.   In an official statement to the public as to the controversies between the city and the Topeka Water Company, a reference was made to the proceeding in question as well as to the part taken by the city in it, and to the fact that the action had resulted in the dissolution of the company.   No resolution, however, was adopted nor action taken by the council employing the plaintiff or recognizing his services as an obligation to the city.   Instead of employing him in behalf of the city, the council directed the city attorney to assist the plaintiff in his litigation with the water company.

It is clear that the council desired that the action brought by the plaintiff should be prosecuted, and it appears that after the amended petition was filed the burden of the litigation was assumed, and the greater part of the work performed, by the city attorney. But we discover nothing in the testimony which gives the plaintiff a right of action against the city for the services performed by him.   The fact that individual members of the council may have suggested or encouraged the bringing of the action gave plaintiff no official authority to act for the city.   Their individual and unofficial acts or agreements are ineffectual and without binding force as against the city.   They have no authority except as members of the council acting together as an organized body, and its will must be expressed by ordinance, resolution, or in such other form as is prescribed by law.

It is contended that the action taken by the council in directing the city attorney to assist the plaintiff and in contributing toward the expense of the same operated as an official ratification of the unofficial acts of the individual members of the council.   To sustain this contention, we are cited to *Mound City v.*

*Snoddy*, 53 Kan. 126, 35 Pac. 1112, but that case is not an authority here. There the action was brought in the name of the city, at the request of the mayor. The city had knowledge that the mayor had procured the services of the attorney to be rendered in behalf of the city, and the fruits of the services rendered were actually appropriated by the city. Here the action was not in the name of the city, but in the name of the state. The testimony failed to show that the city council were informed or understood that plaintiff was acting for or in behalf of the city. The franchises sought to be forfeited in the action were not granted by the city, but were those granted by the state, in which the city had no direct interest and over which it had no control.

It may be doubted whether the city council had any legal right to appropriate funds of the city to carry on a litigation to which it was not a party and in which it had no direct concern, but, however that may be, the city appears not to have employed the plaintiff or otherwise to have rendered itself liable for the services performed by him.

The judgment of the district court will be affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.